[No. 11801.   Department Two.   June 26, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Great Northern Railway Company, Appellant,* v. PUBLIC SERVICE COMMISSION OF WASHINGTON *et al.,* *Respondents.*[1]

CARRIERS—RATES — REGULATION — ORDER OF PUBLIC SERVICE COMMISSION—WHEN TO TAKE EFFECT.   Under 3 Rem. & Bal. Code, § 8626-81, providing that at the conclusion of a rate hearing before the public service commission, the commission should enter an order which shall of its own force take effect and become operative twenty days after service thereof, unless additional time is prescribed by the commission, an order of the commission fixing reasonable rates after a hearing, without fixing any time for it to become effective, takes effect and becomes operative twenty days after the service thereof.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 18, 1913, affirming an order of the public service commission directing the refund of an excessive freight rate, after a hearing before the court.   Affirmed.

*F. V. Brown* and *F. G. Dorety,* for appellant.

*The Attorney General* and *Stephen V. Carey, Assistant,* for respondents.

MOUNT, J.—On December 18, 1911, the Public Service Commission of this state, upon a hearing as to the reasonableness of the freight rates on the Marcus division of the Great Northern Railway Company, made an order, "that the Great Northern Railway Company be and it is hereby ordered and required to revise and modify its tariffs applicable to the State of Washington in the following particulars, to wit:" Then follows a description of the items and the rates of freight thereon.   This order was duly served upon the rail-

[1]Reported in 141 Pac. 351.

way company upon December 22, 1911. It did not state upon its face when the rates became effective. Within twenty days after service of the order, the railway company published a tariff in accordance with the order and stated that the rates became effective to shippers on February 13, 1912.

The question involved upon this appeal is whether or not the modifications and reductions in the freight rates commanded by the order of the commission were effective at the expiration of twenty days from the service of the order, or thirty days after the expiration of the twenty-day period. The answer to this question depends upon the proper construction to be given to the statute.

Section 14 of the public service commission law, found on page 548, Laws of 1911 (3 Rem. & Bal. Code, § 8626-14), provides:

"The commission shall have power, from time to time, in its discretion, to determine and prescribe by order such changes in the form of such schedules as may be found expedient, and to modify the requirements of this section in respect to publishing, posting and filing of schedules either in particular instances or by general rule or order applicable to special or peculiar circumstances or conditions."

Section 15 (Id., § 8626-15), of the act provides:

"Unless the commission otherwise orders no change shall be made in any classification, rate, fare, charge, rule or regulation which shall have been filed and published by a common carrier in compliance with the preceding section, except after thirty days' notice to the commission and to the public published as aforesaid, which shall plainly state the changes proposed to be made in the schedule then in force, and the time when the changed rate, classification, fare or charge will go into effect; and all proposed changes shall be shown by printing, filing and publishing new schedules or shall be plainly indicated upon the schedules in force at the time and kept open to public inspection. The commission, for good cause shown, may by order allow changes in rates without requiring the thirty days' notice and the publication herein provided for."

Section 80 (Id., § 8626-80), of the act provides the manner in which complaints may be made to the public service commission, and for a hearing as to reasonableness of rates.

Section 81 (Id., § 8626-81), provides:

"At the conclusion of such hearing the commission shall make and render findings concerning the subject matter and facts inquired into and enter its order based thereon. A copy of such order, certified under the seal of the commission, shall be served upon the person or corporation complained of, or his or its attorney, which order shall, of its own force, take effect and become operative twenty days after the service thereof, except as otherwise provided. Where an order cannot in the judgment of the commission, be complied with within twenty days, the commission may prescribe such additional time as in its judgment is reasonably necessary to comply with the order, and may, on application and for good cause shown, extend the time for compliance fixed in its order."

The order of December 18th, as above stated, did not fix any date upon which it was to take effect. It is argued by the appellant that the order is controlled by the provisions of § 15 above quoted, and that the freight rates did not become effective until thirty days after the order of the commission became effective; that the order of the commission operated upon the railway company and not upon the freight rates. We are of the opinion that the order in this case is controlled entirely by the provisions of § 81 above quoted. That section plainly states that, after a hearing upon the reasonableness of the rate the public service commission shall make an order, which order shall of its own force take effect and become operative *twenty days after the service thereof.* Section 15 provides that the commission for good cause shown may allow changes in rates without requiring the thirty days notice and publication. And § 81 provides that an order which fixes no time for becoming effective shall of its own force take effect and become operative twenty days after the service thereof. So it is plain, we think, that, under the terms of the statute, the order of the public service commission became effective at

the expiration of twenty days after the service thereof, for the reason that no time was fixed in the order. We are of the opinion, also, that the order became effective both as to the railway company and as to the rates. The trial court so construed the statute, and in our opinion correctly.

Counsel for the appellant cite the case of *American Sugar Refining Co. v. Delaware, L. & W. R. Co.*, 207 Fed. 733. It is conceded that that case is not like this on the facts, and it is clearly distinguishable, because in that case the commission had made no enforceable order in regard to rates, and the rates published, therefore, continued to be the voluntary rates of the carrier; while in the case at bar, the public service commission made an order, mandatory in its terms, which affected the rates twenty days after the service of the order.

We are satisfied that the trial court properly construed the statute, and the judgment.is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.